UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

HIMALAYA MAHARAJ,                         CASE NO.: 0:22-cv-61149

        Plaintiff,

v.

WAL-MART STORES EAST, LP,

        Defendant.

_____/

## DEFENDANT WAL-MART STORES EAST, LP' S NOTICE OF REMOVAL

Defendant WAL-MART STORES EAST, LP ("Walmart"), through undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(3), and Rule 81(c) of the Federal Rules of Civil Procedure, removes to this Court the action filed in the 17th Judicial Circuit Court in and for Broward County, Florida, Case No. CACE 22-006603 with full reservation of rights, exceptions and defenses, and in support thereof states:

### I.    FACTUAL BACKGROUND

1. On or about May 5, 2022, Plaintiff commenced this action by filing a Complaint against Walmart in the 17th Judicial Circuit Court in and for Broward County, Florida. Then, on May 26, 2022, Plaintiff filed an Amended Complaint. *See* Pl.'s Am. Compl. attached as **Ex. A**.

2. The original Complaint was served on May 17, 2022. *See* Service of Process attached as **Ex. B**.

3. Plaintiff alleges claims for premises liability and negligence against Walmart because of injuries she allegedly sustained when a display collapsed on her on November 15, 2020 while at the subject Walmart premises. *See* Ex. A at ¶5.

4. Plaintiff alleges she is a resident of Broward County, Florida. *Id*. at ¶2.

CASE NO.: 0:22-cv-61149

5. On or about January 26, 2022, prior to filing the instant lawsuit, Plaintiff sent Walmart a pre-suit demand letter offering to settle the claim for $200,000.00. *See* Pre-Suit Demand Letter attached as **Ex. C**.[1]

6. This matter is therefore removable based on diversity of citizenship of the parties, and because the amount in controversy is in excess of $75,000.00 exclusive of interest, attorney's fees, and costs.

7. Walmart attaches hereto and makes a part of this notice a copy of the process, pleadings, and other papers filed in the 17th Judicial Circuit in and for Broward County together with a docket sheet from the Clerk of the Court. *See* attached as Composite **Ex. D**.

8. Walmart reserves the right to amend all defenses and objections in this action after the action is removed to this Court.

## II. REMOVAL IS TIMELY

9. In accordance with 28 U.S.C. § 1446(b)(1), Walmart files this Notice of Removal within thirty (30) days of the date that it received a copy of Plaintiff's original Complaint. Plaintiff's original Complaint is the initial pleading setting forth the claim for relief upon which Plaintiff's action is based. The thirty (30) day period commenced on May 17, 2022, when Plaintiff served her original Complaint.

10. Prior to the service of Plaintiff's original Complaint, Plaintiff sent Walmart a written pre-suit demand outlining Plaintiff's claimed damages inclusive of actual medical expenses in connection with her alleged incident.

---

[1] Walmart has not filed the entire complement of medical records which Plaintiff submitted with her pre-suit demand letter in order to protect the Plaintiff's personal information pursuant to the Court's Administrative Procedures, 6B. Should the Court wish to see these documents, Walmart will provide same for an *in camera* inspection.

CASE NO.: 0:22-cv-61149

11. Venue exists in the United States District Court for the Southern District of Florida because the 17th Judicial District in and for Broward County, where Plaintiff filed her state court Complaint is located in Broward County Florida, which is located within the United States District Court for the Southern District of Florida.

### III. THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES

12. Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1).

    A.    **Citizenship of HIMALAYA MAHARAJ**

13. Plaintiff is a resident of Broward County, Florida. *See* Ex. A. Although Plaintiff's Amended Complaint does not specifically state Plaintiff's citizenship, "[i]t is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, 2009 WL 1532129, *3 (S.D.Fla.) (Cohn, J) (internal citations omitted).

14. Plaintiff's Broward County, Florida residence is prima facie evidence of her domicile which is equivalent to citizenship for purposes of establishing diversity in this case. *See Katz,* 2009 WL 1532129 at *3.

    B.    **Citizenship of WAL-MART STORES EAST, LP**

15. At the time of the alleged incident, and currently, Walmart Stores East, LP, is a Delaware limited partnership, of which WSE Management, LLC is the general partner, and WSE Investment, LLC is the limited partner. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC (fka Wal-Mart Stores East, Inc.), an Arkansas limited liability company whose parent company is Wal-Mart Stores, Inc. The principal place of

CASE NO.: 0:22-cv-61149

business for all entities mentioned is Bentonville, Arkansas. At no time material has Wal-Mart Stores East, LP, or its general or limited partners, been a citizen of Florida. *See* Florida Department of State, Division of Corporations, Detail by Entity Name attached as **Ex. E**.

### IV. AMOUNT IN CONTROVERSY

16. The amount in controversy exceeds $75,000.00. Although Plaintiff's Amended Complaint does not specify an amount in controversy other than the state court $30,000.00 jurisdictional minimum, it is clear from Plaintiff's pre-suit demand that her claimed damages exceed the jurisdictional minimum in this Court of $75,000.00. *See Katz v. J.C. Penney Corp., Inc.*, 2009 WL 1532129, *5 (S.D. Fla. June 1, 2009) (concluding the defendant met its jurisdictional burden of establishing the amount in controversy based on information received from the plaintiffs in the pre-suit demand package); *see also Mick v. De Vilbiss Air Power Co.,* No. 6:10-CV-1390-ORL, 2010 WL 5140849, at *1 (M.D. Fla. Dec. 14, 2010) (discussing pre-suit demand letters are competent evidence of the amount in controversy.).

17. Where, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

18. "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." *Katz,* 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009) (citing *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). "Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id* (citing *Williams v. Best Buy Co.,* 269 F.3d 1316, 1320 (11th Cir. 2001)

CASE NO.: 0:22-cv-61149

and *Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir. 2000)). "Therefore, pre-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed." *Id*.

19. The relevant portions of Plaintiff's pre-suit demand conclusively establish that the amount in controversy exceeds the $75,000.00 jurisdictional minimum. Plaintiff's January 26, 2022 pre-suit demand letter estimates damages in the instant matter to be at least $200,000.00. *See* Ex. C.

20. In addition to Plaintiff's alleged medical condition, Plaintiff's Amended Complaint alleges pain and suffering, mental anguish, loss of the capacity for the enjoyment of life, loss of earnings, loss of ability to earn money and aggravation of a pre-existing condition. *See* Ex. A at ¶8.

21. These representations sufficiently and conclusively establish by a preponderance of the evidence that the amount in controversy exceeds the requisite $75,000.00 jurisdictional minimum for this Court to retain jurisdiction. Numerous district court decisions support this conclusion.

22. For example, in *Katz v. J.C. Penney Corp.*, this Court concluded that the removing defendant properly established the amount in controversy by addressing information received from Plaintiff's pre-suit demand package. *Katz,* 2009 WL 1532129 at 4. The Court specifically noted it was persuaded that the pre-suit demand package reflected an honest assessment of damages by plaintiffs because, like Plaintiff's pre-suit demand letter in this case, it was based on medical records provided by the plaintiff. *Id.*

23. Here, Plaintiff's pre-suit demand letter which estimates Plaintiff's damages to be $200,000.00 is an honest assessment of his claimed damages as it is based on the following:

    a. Plaintiff's past medical bills ($102,463.45 as of the January 26, 2022 demand letter)

CASE NO.: 0:22-cv-61149

  b. future medical care *See Katz,* 2009 WL 1532129 at 4.

  c. Pain and suffering

  d. Lost wages and

  e. Loss of earning capacity.

 24. This evidence demonstrates the Plaintiff's claimed damages in the instant case far exceed $75,000.00. Accordingly, Walmart has shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum, rendering removal proper.

 25. Furthermore, prior to filing this removal, Defendant conferred with Plaintiff. Plaintiff refused to stipulate to damages being $75,000.00 or less and advised that there are additional pending medical bills.

## V. CONCLUSION

 This action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because there exists complete diversity in this matter as the Plaintiff and Walmart are citizens of different states, and the amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs. Upon filing of this Notice of Removal, Walmart will promptly give written notice to Plaintiff, through her attorneys of record, and the Clerk of the Circuit Court for the 17th Judicial Circuit in and for Broward County, Florida.

 WHEREFORE, Defendant, WAL-MART STORES EAST, LP, respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, Case No. CACE 22-006603, on the docket of the Court for the 17th Judicial Circuit in and for Broward County, Florida, be removed from that Court to the United States District Court for the Southern District of Florida and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Walmart is entitled.

CASE NO.: 0:22-cv-61149

Respectfully submitted,

**LIEBLER, GONZALEZ & PORTUONDO**
*Attorneys for Defendant*
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
(305) 379-0400
service@lgplaw.com

By: */s/ Christine M. Manzo*
CHRISTINE M. MANZO
Florida Bar No. 52121

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of June, 2022, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF and will send a notice of electronic filing to the following: **Mohammed Haider** (litigation@millerlaw.legal), MILLER LAW GROUP, P.A., *Attorneys for Plaintiff*, 1937 East Atlantic Boulevard, Suite 204, Pompano Beach, Florida 33060.

*/s/ Christine M. Manzo*
CHRISTINE M. MANZO